# In the United States Court of Federal Claims

|  |  |
|---|---|
| **GARLAND E. WILLIAMS,** *Plaintiff,* v. **THE UNITED STATES,** *Defendant.* | No. 24-511 Filed: July 26, 2024 |

*Garland E. Williams*, *pro se*, for Plaintiff.

*Tara K. Hogan*, Assistant Director, *Patricia M. McCarthy*, Director, Commercial Litigation Branch, *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

**HADJI,** *Judge.*

In his latest effort to avoid paying any court-ordered child support, Plaintiff Garland E. Williams, *pro se*, filed a complaint before this Court alleging that the Department of the Treasury withheld portions of his tax refund payments in violation of his Fifth Amendment protection against unlawful takings and improperly disclosed his personal information in connection with the enforcement of his Kansas state child support obligations. Compl. at 35-39, 56-63, ECF 1.[1] Before the Court is Plaintiff's Motion to Proceed *in Forma Pauperis* (IFP) (ECF 2) and the Government's Motion for Summary Dismissal. (Def.'s Mot., ECF 8). For the following reasons, the Court **GRANTS** the Government's Motion for Summary Dismissal (ECF 8) and **DENIES** as moot Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF 2).

## BACKGROUND

In a failed effort to avoid making partial contributions to his court-ordered child support obligations spanning nearly a decade, Plaintiff has brought several claims in this

---

[1] ECF 1 includes two separately paginated documents. "Compl." refers to the document entitled "Complaint," which starts on page 7 of ECF 1.

Court and various United States district courts challenging the Internal Revenue Service's (IRS) statutorily authorized garnishments of his tax refunds.

For example, in 2015, Plaintiff brought a complaint in the United States District Court for the Eastern District of Louisiana, alleging that child support orders from the States of Kansas and Louisiana were "fraudulent and violate[d] his constitutional rights." *Williams v. Kan. State Dep't of Soc. & Rehab. Serv.*, No. 14-CV-01663, 2015 WL 1272783, at *1 (E.D. La. Mar. 19, 2015). The district court dismissed the complaint, finding that none of the entities Plaintiff named in his lawsuit could be sued under 42 U.S.C. § 1983. *Id.* at *3-5.

Subsequently, in 2016, Plaintiff filed a complaint in the United States District Court for the Eastern District of Louisiana related to the enforcement of his child support orders, complaining about the actions of, among others: Don Johnson, former Secretary of the Kansas Department of Social Rehabilitation Services; Lori L. Yockers, a Kansas hearing officer; and Rebecca S. Kennedy, a Louisiana hearing officer. *See Williams v. U.S. Dep't of Just.*, No. 16-38, 2016 WL 1039560, at *1 (E.D. La. Feb. 22, 2016), *R. & R. adopted*, No. 16-38, 2016 WL 1031289 (E.D. La. Mar. 14, 2016). In his Report and Recommendation, the United States Magistrate Judge noted that Plaintiff argued (once again) that the enforcement of child support orders in Kansas and Louisiana were fraudulent and violated his constitutional rights, and then recommended that the court dismiss the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Id.* at *1-2. *See also Williams v. U.S. Dep't of Just.*, No. 1:15CV-111-GNS, 2016 U.S. Dist. LEXIS 50656, at *2-6 (W.D. Ky. Apr. 15, 2016) (dismissing Plaintiff's claim related to the enforcement of his child support orders because there was "simply no reason for Plaintiff to have filed this case in Kentucky" and finding that transfer of the case would not be in the interest of justice because of the number of related claims Plaintiff had previously filed).

Most recently, and most relevant to this matter, in 2023, the Federal Circuit upheld this Court's finding that this Court does not have jurisdiction to hear claims relating to Plaintiff's tax refund garnishment under 26 U.S.C. § 6402 because these offsets were used to pay a debt Plaintiff owed to a Kansas state agency. *Williams v. United* States, No. 2022-1712, 2023 WL 193163, at *2 (Fed. Cir. 2023 Jan. 17, 2023). Nevertheless, Plaintiff has filed yet another case challenging the IRS' garnishment of his tax refunds to satisfy his child support debts.

In the instant case, Plaintiff raises three principal claims relating to the offset of his tax refunds and the disclosure of his personal information in connection with the enforcement of his Kansas state child support obligations. First, Plaintiff challenges the Treasury's offsets of his tax refunds to pay debts Plaintiff owed to Kansas Child Support Services; these debts arose from Plaintiff's failure to pay child support and occurred in 2001, 2007, 2009-2010, 2013, and 2015-2018. Compl. at 13-27, 52. Second, Plaintiff alleges that these offsets amounted to a Fifth Amendment taking. Compl. at 35-39. Lastly, Plaintiff alleges that, in the process of withholding his tax refunds, the Treasury illegally disclosed Plaintiff's personal information to Kansas Child Support Services. Compl. at 52,

2

56-63. Plaintiff seeks millions in compensatory damages, interest, and punitive damages. Compl. at 70-75.

Along with his Complaint, Plaintiff also filed an application to proceed IFP. ECF 2. The Government opposes Plaintiff's IFP request because of Plaintiff's "extensive history of frivolous litigation" and moved to dismiss the Complaint pursuant to 28 U.S.C. § 1915(e). Def.'s Mot. at 1, 6.

## DISCUSSION

This Court, like all federal courts, is a court of limited jurisdiction; its jurisdiction is generally defined by the Tucker Act, 28 U.S.C. § 1491. *See Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1132 (Fed. Cir. 1998). The Tucker Act "gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act itself, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Instead, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id*. "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id*. at 1173.

If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Court of Federal Claims Rule 12(h)(3); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Although *pro se* litigants are generally held to a lower standard in pleading and proving the existence of subject-matter jurisdiction, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they nonetheless "bear[] the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When considering a motion to dismiss for lack of subject-matter jurisdiction brought pursuant to Court of Federal Claims Rule 12(b)(1),[2] "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

This Court lacks jurisdiction to hear Plaintiff's claim regarding the offsets of his tax refunds under 26 U.S.C. § 6402. *See* Compl. at 43-45. Plaintiff alleges that the Treasury improperly remitted proceeds from his tax refunds to Kansas Child Support Services. Compl. at 13-27. As the Federal Circuit has already held in a previous action brought by Plaintiff under 26 U.S.C. § 6402, the Secretary of the Treasury must "reduce a person's tax refund by 'the amount of any past-due support' and remit that amount to the state." *Williams v. United States*, No. 2022-1712, 2023 WL 193163, at *1 (Fed. Cir. Jan. 17, 2023). Subsection (g), however, prohibits this Court "from hearing [Plaintiff's] claim

---

[2] Court of Federal Claims Rule 12(b)(1) is the same as Federal Rule of Civil Procedure 12(b)(1). *Compare* RCFC 12(b)(1) *with* Fed. R. Civ. P. 12(b)(1).

against the Department of the Treasury to recover the amount deducted." *Id.* at *2. As the Federal Circuit reasoned:

> Subsection (g) only allows a taxpayer to bring action against the Federal agency or state claiming the debt. Here, [Plainitff] alleged that the entity claiming his debt was the State of Kansas, not the Department of the Treasury. Thus, [Plaintiff] would need to bring action against the state of Kansas and [this Court] lacks jurdiction over state actors.

*Id.* Because 26 U.S.C. § 6402(g) only allows Plaintiff to bring a claim against the agency claiming his debt (i.e., the State of Kansas), this Court does not have jurisdiction to hear Plaintiff's claims regarding the offsets of his tax refunds.

Furthermore, with respect to his tax refund offsets, Plaintiff alleges that he was not afforded the process due to him under 26 U.S.C. § 664(a). *See* Compl. at 36-38. This Court, however, has addressed Plaintiff's argument on this ground in previous litigation and found that 26 U.S.C. § 664(a) is not money mandating and "governs state action," over which this Court does not have jurisdiction. *Williams v. United States*, No. 21-cv-1632, 2022 WL 838301, at *3 (Fed. Cl. Mar. 21, 2022). Therefore, this Court does not have jurisdiction to hear Plaintiff's claims alleging a violation of due process under 26 U.S.C. § 664(a). *See Id.*

Similarly, Plaintiff argues that he was denied due process under the Fifth Amendment. Compl. at 35-36. However, the Fifth Amendment, is not a "sufficient basis for jurisdiction because [it does] not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980)). Therefore, this Court does not have jurisdiction to hear Plaintiff's Fifth Amendment due process argument.

With respect to Plaintiff's allegations of the unauthorized disclosure of his personal information, the Court lacks jurisdiction to hear these claims. Under 26 U.S.C. § 7431(a), a taxpayer can bring a cause of action against the Treasury in a *district court* of the United States to address the unauthorized disclosure of taxpayer information. *Taylor v. United States*, 616 Fed. App'x 423, 424-25 (Fed. Cir. 2015). Because this Court is not a United States district court,[3] this Court does not have jurisdiction to hear claims arising from the unauthorized disclosure of taxpayer information under 26 U.S.C. § 7431(a). *Ghaffari v. United States*, 125 Fed. Cl. 665, 668 (2016) (citing *Taylor*, 616 Fed. App'x at 425).

Likewise, this Court does not have jurisdiction to consider claims based on the other statutes and legal authorities cited by Plaintiff. These laws either do not mandate

---

[3] Congress established the Court of Federal Claims under Article I of the United States Constitution. 28 U.S.C. § 171(a). In contrast, federal district courts are created under the authority of Article III of the United States Constitution. *Int'l Longshoremen's & Warehousemen's Union v. Juneau Spruce Corp.*, 342 U.S. 237, 238 (1952) ("The words 'district court of the United States' commonly describe constitutional courts created under Article III of the Constitution…"). As such, the Court of Federal Claims is a distinct entity from a federal district court.

compensation by the federal government for damages sustained (e.g., Article III, Section 2; 42 U.S.C. §§ 652, 654; 26 U.S.C. §§ 6103, 7803; 12 U.S.C. §§ 1, 3402, 3404-08, 4306; 31 U.S.C. §§ 3729, 3802), or these laws vest jurisdiction exclusively in the federal district courts (*e.g.*, 12 U.S.C. § 3417; 26 U.S.C. §§ 7431, 7433).

Because this Court does not have jurisdiction to hear any of the aforementioned claims, this Court must dismiss the Complaint under Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons, the Government's Motion to for Summary Dismissal (ECF 8) is **GRANTED**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal filed by Plaintiff would not be taken in good faith. Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF 2) and remaining pending motions (ECF 13 and 14) are thus **DENIED** as moot. Due to the inclusion of personally identifiable information, the Clerk of Court is **DIRECTED** to seal Plaintiff's Motion for Leave to File Motion to Produce (ECF 13) pursuant to Rule 5.2. The Clerk of Court is further **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
PHILIP S. HADJI
Judge